FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 10 2022 ★

LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
COURT FILE NO.: CV - _____

CV 22 3446

AZRACK, J.

WICKS, M.J.

-----------------------------------------------------------X

JAMES BORDONARO,

                Plaintiff,

-against-

Jennifer Coden.;
Justice Roy S. Mahon.;
Errol D. Toulon, Jr.
Fido's Fences, Inc
AND DOES 1 THROUGH 100, INCLUSIVE,

                Defendant.
-----------------------------------------------------------X

VERIFIED COMPLAINT

42 U.S.C. § 1983

JURY TRIAL DEMANDED

## 5- MILLION DOLLAR CLAIM UNDER 42 U.S. CODE SEC. 1983 ACTION FOR DEPRAVATION OF CIVIL RIGHTS, VIOLATION OF DUE PROCESS, CONSPIRACY TO COMMIT PERJURY, WRONGFUL FORECLOSURE. THIS CLAIM IS ALSO FOR OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

Comes Now Plaintiff **James Bordonaro**, to file his Claim against the defendant's. The claim will be brought forward in Common Law, "Administrative Law," "Law," "Equity," This 42 U.S. Code Sec. 1983 Civil Action Claim is for Depravation of Civil Right Under Color of Law, conspiracy to commit real estate fraud, and perjury. This case is brought to enforce constitutional rights under 42 U.S.C. § 1983, conspiracy statutes under Federal Law.

### 42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer

for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be a statute of the District of Columbia.

## JURISDICTION:

1. The Judiciary Act, though, Congress placed admiralty under the jurisdiction of the federal district courts.

2. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

3. This court has personal jurisdiction over the defendant's corporations because the corporation's principal place of business is in this state.

4. Venue is proper pursuant to 28 U.S.C. 1391(b) because the events giving rise to the allegations in this complaint occurred in this district.

5. Federal court has jurisdiction over this case based on the following reasons:

6. 42 USC 1983 civil rights claim is Constitutional dispute.

7. The amount of damage is over what the state court has jurisdiction to rule on.

8. The defendants violated Federal Laws.

9. The defendants violate the plaintiff's right to due process in state court whereby is liable under 42 U.S.C 1983 a federal civil rights statute.

10. There is no other court available for remedy.

## INTRODUCTION

11. This case involves an apparent deception perpetrated by a licensed New York Attorney Jennifer Coden, Esq. Both Ms. Coden Esq. and the principal of the Defendant Fido Fences are well aware of the Orders of this Court entitling Plaintiff to the proceeds in respect of he and his wife's primary Homestead Exempt residence located at 1705 North Gardiner Drive, Bay Shore, New York 11706. (A copy of Courts order of Homestead Exemption annexed hereto as **Exhibit "A"**). Nonetheless, Ms. Coden, Esq. circumvented the Orders made by this Court by misrepresenting on the Suffolk County Sheriff's Certification that the property is not Homestead Exempt (A copy of Sheriff's Certification is annexed hereto as **Exhibit "B"**).

12. This was done with the intention to circumvent the letter of law by failing to bring a Special Petition requesting permission from the Suffolk County Supreme Court to effect the Sheriff's Sale pursuant CPLR 5206(e). Through this deception both Jennifer Coden, Esq. and Fido Fences Inc. have profoundly benefited from the Sale. Defendant and its attorney of record Jennifer Coden, Esq., sold the property to themselves at an unauthorized Sheriff's sale on November 10, 2020 for the sum of Five Thousand Dollars ($5,000.00) (A copy of Suffolk County Sheriff's Indenture is annexed hereto as **Exhibit "C"**).

13. Plaintiff, James Bordonaro, attempted to mitigate the Illegal Sheriff Sale of his residence that took place on November 10, 2020 by bringing a Special Proceeding Pursuant to CPLR 5206(e) on November 06, 2020 for an incorrect venue- Nassau Supreme Court and was not successful.

14. Jennifer Coden, Esq. used her position and office to contemptuously circumvent the Orders of this Court and succeeded with her deceitful representations under the penalty of perjury and in that process of the deceit effected an Illegal Sheriff Sale of the Homestead Exempt property in order to unjustly enrich herself and husband from the Sale.

15. Since the Illegal Sheriff Sale, the issue of Eviction/Ejection was commenced in the Landlord Tenant Court of Suffolk County: Fifth District under the index number LT273/21, by the Law firm Hertz, Cherson & Rosenthal, P.C. to remove Plaintiff, his wife and children from the property without proceeds of the Homestead Exempt entitlement.

16. Neither Ms. Coden, Esq. nor Fido Fences sought to enforce a judgment against the Plaintiff's Homestead. And despite the fact that the provisions of CPLR 5206 requires that a creditor proposing a Sale of a Homestead Exempt property must first seek the Court's Approval, Ms. Coden, Esq. failed to seek the Suffolk County Supreme Court's Approval prior to the Involuntary Sale of the aforementioned property. Ms. Coden, Esq. also failed to correct the material misstatement even after the same was pointed out to her in Court papers of the Special proceeding brought by Plaintiff; she continued with her assertion of a right to enforce an involuntary Sheriff Sale of the Homestead Exempt property under the material misrepresentation made by herself and without the permission of the Court. This is frivolous behavior and sanctionable under 22 NYCRR § 130-1.1.a, c(2), c(3).

17. In the light of the foregoing, Plaintiff believes that an ejection of he and his wife from the Homestead property located at 1705 North Gardiner Drive, Bay Shore, New York 11706 is unwarranted and the Plaintiff and his wife believes that they are NOT compelled to surrender the property unless the sum aggregate Homestead Exemption proceeds of which Plaintiff is entitled to receive is distributed or in the alternative the proceeds be marshaled from an appropriate Sheriff'S Sale.

18. The attorney Jennifer Coden.; of Jennifer L Coden Law Offices is employed by her husband Fido's Fences at 6500 Jericho Turnpike, Syosset, NY 11791.

19. A judgment lien against Plaintiff was recorded on March 08, 2013 under Index# 022696/2009 in Nassau County Supreme Court. With the judgment she effected an Illegal Sheriff Sale of the Homestead Exempt property.

20. On November 06, 2020 Plaintiff filed a petition in the Nassau Supreme Court under Index# 612647/2020 to enjoin the sheriff sale.

21. On November 6, 2020, plaintiff filed an order to Show Cause with a Temporary Restraining Order. Justice Roy Mahon signed the order and striking the restraint which resulted in plaintiff's property being sold to the defendant Jennifer Coden's husband. (See **Exhibit "D"**)

22. On May 31, 2022 Deputy Sheriff sent a **14 Day EVICTION NOTICE** (See **Exhibit "E"**)

PARTIES:

a. The first defendant Jennifer Coden is a resident of Nassau County, New York.

b. The second defendant is Justice Roy S. Mahon;

d. The third defendant is Deputy Sheriff Errol D. Toulon, Jr.;

e. The fourth defendant is Fido's Fences Inc., Esq.

Count One: Violation of 42 U.S.C. 1983:

1. Plaintiff incorporates by reference the facts alleged in paragraphs 1-30.

a. The defendant's negligence was the direct and proximate result of the plaintiff's injuries.

Count Two: Violation of Due Process:

1. Plaintiff incorporates by reference the facts alleged in paragraphs 1-30

The defendants had a duty to follow the law and the constitution.

Count Three:
Perjury:
3. Plaintiff incorporates by reference the facts alleged in paragraphs 1-30

Count Four::
Wrongful Foreclosure:
4. Plaintiff incorporates by reference the facts alleged in paragraphs 1-30

### Infliction of Emotional Distress:

23. The defendants have intentionally and negligently taken illegal actions which have caused the plaintiff's severe emotional distress.

### Damages:

24. The plaintiff is seeking damages for wrongful foreclosure, and he has shown that

(a.) there was an irregularity in the foreclosure sale and

(b.) the irregularity caused the plaintiff damages. See University Sav. Ass'n v. Springwoods.

25. As a proximate result of the negligent actions of defendants, the plaintiffs have suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

26. As a result of these actions by Jennifer Coden Esq., Roy S. Mahon; Deputy Sheriff Errol D. Toulon, Jr; and Fido's Fences Inc.

I have suffered in the following ways:

a) Timeline 2014 – 2015, during the Chapter 7 BR case, Loretta had a miscarriage outside federal court room when Coden demanded Loretta be brought to the stand. Even though she was not part of the BR filing. Our lawyer at the time (Michael McNamar,) told Judge Grossman. Loretta was ill and Judge stated he did not want any incident of someone becoming even more ill in his court and denied Coden's request.

b:) Our oldest daughter was a "cutter" during her years in high school. She became very anxious & depressed even to this current day. She was diagnosed with severe depression and acute anxiety when she was admitted to Saint Catherine's hospital for few days after she had passed out. She moved down to another state because of the toxicity in this house as a result of this 13 year long ordeal!

c:) Our 4th son developed symptoms of a manic depressive since 9th grade and also thinks of this house as very toxic and has not lived here since college and states he will never come back again.

d:) Our middle daughter has taken things almost to the maximum extreme, where in Oct 2017, she almost OD on an exorbitant amount of pills in which for two days it was touch and go and the doctors did not feel her chances were good. Then after she was finally released, they brought her to psychiatric hospital. In May 2018, she did it again, passing out and we rushed her to the hospital. After a few days in hospital, she was brought to psychiatric facility again. Then in Jan 2019 we found her passed out in bathroom and brought to the hospital, as she had done it again. And then brought for a 3rd time to the psych center. She still suffers from tremendous anxiety and has move out of state with her sister. Unfortunately, she is still suffering from the anxiety brought upon by this vexatious ongoing litigious action. Right after she moved, she suffered another psychological bout and had to be admitted to another psych ward because she was torn between leaving a toxic house but did not want to leave us main family.

e:) During our daughter's stay at the hospital of Oct. 2017, the doctor told Loretta for our daughter's sake, we needed to take her and the children who were still with us, out of the house. As a result, Loretta took the 3 remaining children to a shelter because we could not afford proper housing. And they stayed in the shelter till August of 2018.

f:) There are more incidents IE, Our 2nd and 3rd sons have been affected psychologically by the toxicity of this ordeal also. But these are the main on

g)  No one can return to me the health I have lost in dealing with the dubious actions of the persons named in my lawsuit.

h)  I will never completely retrieve my peace of mind and calm the near-constant state of anxiety I find myself in now. These actions have forever altered my mental health and well-being.

i)  The defendant's, acted with deliberate indifferent to the Constitution and or federal laws when they violated the plaintiff's right UNDER 42 U.S. CODE SEC. 1983, and the plaintiff's right to "due process".

**WHEREFORE**, Plaintiff Jan Doe, request the following

a. That the court enter a judgment in favor of James Bordonaro, and against the defendants on all counts of the Complaint:

b. That the court award compensatory damages unto Plaintiff and against the defendants jointly and severally, including damages for emotional distress, humiliation, and other pain and suffering on all claims allowed by law in an amount in excess 5- Million Dollars:

c. That the court award punitive damages to plaintiff, and against the defendants, jointly and severally, in an amount to determine at trial in order that such award will deter similar proscribed conduct by the defendants in the future.

d. That the court award plaintiff, and against the defendants, prejudgment and post-judgment interest on all sums awarded in this action, and including reasonable legal fees, pursuant to 42.U.S.C. Sec. 1988: and

e. That the court grant Plaintiff such other equitable relief that the court deems appropriate.

**Demand For A Trial By Jury**

Comes Now, the plaintiff, and hereby demands jury trial on all issues so triable to a jury.

_____ 6/10/2022
James Bordonaro
Without Prejudice UCC 1-308

## **VERIFICATION**

STATE OF NEW YORK )
                           ss:
COUNTY OF SUFFOLK )

      James Bordonaro, being duly sworn, deposes and says the following: We are the Plaintiffs pro se in the within action; We have drafted and read the foregoing COMPLAINT and know the contents thereof; and the same is true to our own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, we believe it to be true.

Dated: Suffolk, County, New York
         June ____, 2022

                                                        _____
                                                        James Bordonaro,
                                                        *Without Prejudice, UCC 1-308*
                                                        1705 North Gardner Drive,
                                                        Bayshore, NY, 11705

## Certificate of Service:

A copy of this document was mailed to the court and a copy was mailed to the parties and the agency listed below.

Date: 6/10 2022

*[signature]*

James Bordonaro
Without Prejudice 1-308

Judge:
Roy Mahon.
Supreme Court, Nassau County
100 Supreme Court Drive
Mineola, New York 11501

Attorneys:
LAW OFFICES OF JENNIFER L. CODEN, PLLC.
Jennifer Coden, Esq.
100 Crossways Park Dr W Suite 212,
Woodbury, NY 11797

Fido's Fences, Inc.
6500 Jericho Turnpike,
Syosset, NY 11791

Sheriff:
Errol D. Toulon
360 Yaphank Avenue
Suite 1A
Yaphank, N.Y. 11980